United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50025
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CYRON DONDELL MORRISON, also known as Kyron Morrison

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:04-CR-2-ALL
--------------------

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Cyron Dondell Morrison appeals the sentence imposed following his guilty-plea conviction of possession of a firearm by a felon, possession with intent to distribute more than five grams of cocaine base, and using and carrying a firearm during and in relation to a drug trafficking offense. He argues, citing Blakely v. Washington, 542 U.S. 296 (2004), that he should have received a lower sentence due to the sentencing disparity between cocaine base and powder cocaine and because he should not have

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

been sentenced based on the quantity of PCP found as relevant conduct because he was not charged for this conduct.

Because Morrison raises these issues for the first time on appeal, we review only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Morrison's argument that he should have received a lower sentence due to the disparity in the punishment imposed for offenses involving powder cocaine versus those involving cocaine base has been rejected by this court. See United States v. Dixon, 132 F.3d 192, 202-03 (5th Cir. 1997); United States v. Wilson, 77 F.3d 105, 112 (5th Cir. 1996). Although United States v. Booker, 125 S. Ct. 738 (2005), applied the reasoning in Blakely to render the federal sentencing guidelines advisory, district courts still must determine the relevant guideline range. See Mares, 402 F.3d at 519. Accordingly, the distinction in the guidelines between sentences imposed for offenses involving cocaine base and those imposed for offenses involving powder cocaine remains intact. Morrison cannot show error because he has not challenged the mandatory application of the guidelines, nor has he established that the district court likely would have imposed a significantly different sentence under an advisory guidelines scheme. See id. at 521.

These failures also render meritless Morrison's contention that the district court plainly erred by sentencing him based on

a quantity of PCP that the court found as relevant conduct.  The error identified in <u>Booker</u> is not the use of extra verdict enhancements, but rather the use of such enhancements under a mandatory guidelines scheme.  <u>See</u> <u>id.</u>

AFFIRMED.